IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  06-cr-00094-WYD

UNITED STATES OF AMERICA,

Plaintiff(s),

v.

DALLAS RAY RATCLIFF,

Defendant,

and

TONY'S MEATS, INC.,

Garnishee.

---

## RECOMMENDATION ON
## UNITED STATES' WRIT OF CONTINUING GARNISHMENT (Docket No. 76)
## and
## DEFENDANT DALLAS RAY RATCLIFF'S CLAIM OF EXEMPTION TO WRIT OF GARNISHMENT (Docket No. 79)

---

**Entered by Magistrate Judge Michael J. Watanabe**

On June 27, 2014, this court held a hearing on defendant Dallas Ray Ratcliff's Claim of Exemption to Writ of Garnishment (Docket No. 79) regarding the United States' Writ of Continuing Garnishment (Docket No. 76).  Neither defendant Ratcliff nor the government called any witnesses or presented any evidence.  The court has considered the arguments made at that hearing, the Writ of Continuing Garnishment (Docket No. 76), defendant Ratcliff's Claim of Exemption to Writ of Garnishment (Docket No. 79), the Garnishee's Answer to Writ of Garnishment (Docket No. 78), and the United States'

2

Memorandum in Support of Its Writ for Garnishment (Docket No. 82) as well as applicable case law and statutes.  In addition, the court has taken judicial notice of the court file.  The court now being fully informed makes the following findings, conclusions of law, and recommendation.

Where a party claims an exemption to garnishment, he has the burden of establishing the exemption applies.  See United States v. Ahmed, 2007 WL 1430095, at *1 (D. Colo. May 14, 2007).  See also 28 U.S.C. § 3205(c)(5).  The court finds, substantially for the reasons stated in the United States' Memorandum in Support of Its Writ for Garnishment (Docket No. 82), that defendant Ratcliff has not established an exemption from the Writ of Continuing Garnishment.

The Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, et seq., makes restitution mandatory for certain crimes. 18 U.S.C. § 3663A(a)(1).  Here, following Ratcliff's conviction, Judge Phillip S. Figa ordered that defendant Ratcliff must make restitution to the United States Department of Labor-OWCP in the amount of $96,975.23. (Docket No. 19 at 2).  The United States proffered in its Memorandum (Docket No. 82 at 2) that defendant Ratcliff has not made a payment toward his restitution debt since June 2012 and that a balance of $76,582.45 remains outstanding.

The MVRA authorizes the United States to enforce restitution orders in the same manner as criminal fines, and by all other available means, 18 U.S.C. §§ 3663A(d), 3664(m)(1)(A), and restitution orders are enforceable to the same extent as a tax lien. See 18 U.S.C. §§ 3613(c), (d), 3663(d), 3664(m)(1)(A); United States v. Loftis, 607 F.3d 173, 179 n.7 (5th Cir. 2010).  Pursuant to 18 U.S.C. § 3613(a), the Fair Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001-3308, sets forth enforcement tools and

3

procedures available to the United States in collecting on a restitution order.  The FDCPA provides that the "court may issue a writ of garnishment against property **(including nonexempt disposable earnings**) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor. . . ." 28 U.S.C. § 3205(a) (emphasis added).

Here, on April 7, 2014, the United States filed an Application for Writ of Garnishment of 25 percent of defendant Ratcliff's earnings at Tony's Meats, Inc., to seek payment toward his outstanding restitution.  (Docket No. 75).  On the same day, the Writ of Continuing Garnishment (Docket No. 76) and the Clerk's Notice of Post-Judgment Garnishment and Instructions to Judgment Debtor (Docket No. 77) were issued.  The Garnishee filed an Answer on April 17, 2014, asserting that defendant Ratcliff's wages for the pay period ending April 19, 2014, were $1461.54 in gross pay and a total of $176.92 in tax withholdings.  (Docket No. 78 at 2).  On May 8, 2014, defendant Ratcliff filed a claim of exemption for wearing apparel and school books for him or members of his family; fuel, provisions, furniture, and personal effects; and books and tools of a trade, business, or profession of the defendant.  (Docket No. 79).  He requested a hearing on his claimed exemption.  (Docket No. 79).  However, in its Memorandum and at the June 27 hearing, the United States stated that it does not seek to garnish any of these personal belongings of defendant Ratcliff.  (See Docket No. 82 at 2, ¶ 6).  Furthermore, at the June 27 hearing, defendant Ratcliff submitted no evidence at all in support of his claim for these exemptions.  The court thus finds that defendant Ratcliff has not met his burden of establishing that any of his claimed

4

exemptions apply.

The Consumer Credit Protection Act ("CCPA") provides that "the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 per centum of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage . . . ." 15 U.S.C. § 1673(a).  The United States notes in its Memorandum that "[t]he current minimum wage is $7.25 an hour. 29 U.S.C. §206(a)(1).  Accordingly, the CCPA limits garnishments to the lower of 25% of Defendant's disposable earnings, or the amount by which the debtor's earnings exceed $217.50 a week." (Docket No. 82 at 5 n.3).  Furthermore, the United States notes that "[d]isposable earnings" are gross earnings less deductions required by law (e.g., payroll tax deductions.  *See* 15 U.S.C. 1672(b)."  In addition, the United States correctly notes that the Answer filed by Tony's Meats, Inc., indicates that defendant Ratcliff's bi-weekly disposable earnings are $1284.62, or weekly disposable earnings of $642.31.  (Docket No. 78 at 2).  Therefore, defendant Ratcliff's non-exempt earnings are $160.58 per week (25 percent of his weekly disposable earnings).  The court finds that these non-exempt earnings are subject to garnishment.

Accordingly, it is hereby

**RECOMMENDED** that defendant Dallas Ray Ratcliff's Claim of Exemption (Docket No. 79) be denied, and the United States' Writ of Continued Garnishment (Docket No. 76) be continued.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

5

**the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: June 27, 2014                                  s/ Michael J. Watanabe
                                                                  Michael J. Watanabe
                                                                  United States Magistrate Judge